# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

## ANTONIO LYONS v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Davidson County
### No. 94-B-1260     J. Randall Wyatt, Jr., Judge

---

### No. M2004-00545-CCA-R3-PC - Filed November 12, 2004

---

The Petitioner, Antonio Lyons, appeals from the trial court's dismissal of his petition for post-conviction relief. The trial court found the petition to be untimely filed. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Antonio Lyons, pro se.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On August 27, 1998, the Petitioner was convicted of felony murder. The Petitioner was sentenced to serve a sentence of life imprisonment with the possibility of parole. The Petitioner's conviction was affirmed on appeal. State v. Lyons, Nos. 01C01-9901-CR-00021, M1999-00249-CCA-R3-CD, 2000 WL 218131 (Tenn. Crim. App., at Nashville, Feb. 25, 2000), *perm. to appeal denied* (Tenn. Oct.23, 2000). On January 14, 2004, the Petitioner filed for post-conviction relief. On January 22, 2004, the trial court dismissed the petition for post-conviction relief, finding that the Petitioner's petition was untimely filed. The Petitioner filed his notice of appeal in the trial court on February 24, 2004.

Tennessee Code Annotated section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year from final judgment. The Petitioner filed his petition beyond that

time allowed by the statute, and none of the exceptions to this time limit apply in this case. See Tenn. Code Ann. § 40-30-102(b). Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are set forth. These exceptions include: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003). The Petitioner has failed to assert any of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. See Tenn. Code Ann. § 40-30-106(g) (2003). Thus, no grounds exist as an exception to the statute of limitations.

Accordingly, the State's motion is hereby granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE